**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brittian Willie Young, et al., | No. CV-22-01368-PHX-DJH |
| Plaintiffs, | **ORDER** |
| v. | |
| State of Arizona, et al., | |
| Defendants. | |

Pending before the Court is *pro se* Plaintiff's First Amended Complaint ("FAC") (Doc. 6), which the Court must review pursuant to its prior Order (Doc. 5) to determine whether it adequately states a claim. *See* 28 U.S.C. § 1915(e)(2). For the following reasons, the Court will dismiss the FAC.

The Court begins by noting that Plaintiff has been declared an abusive litigant in this District, and he is the subject an Order enjoining him from filing any new civil rights actions without including "a declaration, signed under penalty of perjury, that the new filing is not related to his criminal conviction in Maricopa County Superior Court case #CR2016-005528. If the declaration indicates that the filing is related to Maricopa County Superior Court case #CR2016-005528, it shall include evidence that said conviction has been reversed, expunged, invalidated, or is otherwise not barred by *Heck v. Humphrey*, 512 U.S. 477 (1994)." *Young v. Arizona Dep't of Env't Quality*, 2020 WL 6712222, at *4 (D. Ariz. Oct. 28, 2020), *appeal dismissed*, 2021 WL 1929161 (9th Cir. Mar. 17, 2021), *cert. denied*, 142 S. Ct. 171, 211 L. Ed. 2d 67 (2021). The FAC contains no such declaration,

which constitutes proper grounds for dismissal.

Turning to the FAC, it fails to state any claim. A complaint must contain "a short and plain statement" of the claims. Fed. R. Civ. P. This standard requires more than "unadorned, the defendant-unlawfully-harmed-me accusation[s]." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Here, the FAC makes no short or plain statement of the claim. It appears to bring a claim under the Fourteenth Amendment, but the Court is unable to discern what circumstances give rise to that claim. The majority of the FAC constitutes broad allegations of fraud, but these are the kind of "defendant-unlawfully-harmed-me allegations" that are not enough to state a claim. *See id.* For this reason, too, the FAC may be dismissed.

Finally, the Curt noted in its prior order that Plaintiff appears to be representing an entity called Open Entry Services. (Doc. 6 at 1). As Plaintiff was previously warned, because he is acting *pro se*, he may only represent himself. *See Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962). Plaintiff "may not bring claims on behalf of Open Entry Services," and failure to "comply with the Court's instructions" is also grounds for dismissal. (Doc. 5 at 4–5).

The Court will dismiss the FAC, and it grants Plaintiff one more chance to amend his pleadings with a Second Amended Complaint. If Plaintiff (1) fails to file a declaration as required by *Young*, 2020 WL 6712222, (2) fails to state a short and plain claim for relief, or (3) brings any claim on behalf of Open Entry Services, the Court will dismiss this action with prejudice. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's First Amended Complaint (Doc. 6) is **dismissed** with leave to file a Second Amended Complaint within thirty (30) days of the date this Order is entered.

**IT IS FURTHER ORDERED** that if Plaintiff does not file a Second Amended Complaint within thirty (30) days of the date this Order is entered, the Clerk of Court shall dismiss this action without further order of this Court.

**IT IS FINALLY ORDERED** that if Plaintiff elects to file a Second Amended Complaint, it may not be served until and unless the Court issues an Order screening the amended complaint pursuant to 28 U.S.C. § 1915(e)(2).

Dated this 29th day of August, 2022.

_____
Honorable Diane J. Humetewa
United States District Judge

- 3 -